UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NUMBER _____

_____

Michael Schwantes,

        Plaintiff,

v.

Monco Law Offices, SC, Springer
Collections, Inc., and Stellar Recovery,
Inc.,

        Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

_____

1. Michael Schwantes ("Consumer") brings this action to address violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, by Monco Law Offices, SC ("Monco"), Springer Collections, Inc. ("Springer"), and Stellar Recovery, Inc. ("Stellar").

## JURISDICTION, VENUE, AND PARTIES

2. This United States District Court has jurisdiction over all FDCPA claims and federal questions. 15 U.S.C. § 1692k(d); 28 U.S.C. § 1331.

3. Venue is proper because a substantial part of the events giving rise to this claim occurred in Minnesota. 28 U.S.C. § 1391(b)(2).

4. Consumer is a natural person residing in St. Paul, MN who is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Monco is a Wisconsin service corporation with a registered address of 12557

West Burleigh Road #6, Brookfield, WI 53005.

6. Springer is a Minnesota corporation with a registered address of 876 East 7th Street, St. Paul, MN 55106.

7. Stellar is a Florida corporation with a registered address of 100 South Fifth Street #1075, Minneapolis, MN 55402.

8. The principal business and purpose of all three Defendants is the collection of debts, making them "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FDCPA REQUIREMENTS

9. "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

## FAIR CREDIT REPORTING ACT DISPUTES

10. The Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, creates a dispute method in which a consumer may dispute a debt to a debt collector through a credit reporting agency.

11. Under the FCRA, a credit reporting agency must investigate and forward consumer disputes it receives to the debt collector in question, §§ 1681i(a)(1) & (a)(2), the debt collector must investigate the debt and update the reporting agency, § 1681s-2(b), and the reporting agency must provide the

update to the consumer, § 1681i(a)(6)f.

12. Once notified of a dispute, 15 U.S.C. § 1692e(8) of the FDCPA requires debt collectors to "communicate that a dispute debt is disputed" in all credit report updates. *See also Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008); FTC Staff Commentary § 807(8), 53 Fed.Reg. 50097-02, 50106 (Dec. 13, 1988).

## DISPUTE THROUGH TRANS UNION, LLC

13. Consumer disputed a debt being reported against him by Monco through the credit reporting agency Trans Union, LLC ("Trans Union") on July 29, 2013.  *See Investigation Summary attached as* **EXHIBIT A**.

14. Trans Union reported Consumer's dispute of the debt to Monco as required by the FCRA.

15. In response to Consumer's dispute, Monco verified its reporting of the debt to Trans Union on or before August 22, 2013.  *See Resolution Summary attached as* **EXHIBIT B**.

16. Monco's update to Trans Union regarding the debt failed to communicate that Consumer had disputed it. *See Credit File attached as* **EXHIBIT C**.

## DISPUTES THROUGH EQUIFAX, INC.

17. Consumer disputed debts being reported against him by Springer and Stellar through the credit reporting agency Equifax, Inc. ("Equifax") on August 5, 2013. *See Dispute Confirmation attached as* **EXHIBIT D**.

18. Equifax reported Consumer's dispute of the debts to Springer and Stellar as required by the FCRA.

19. In response to Consumer's dispute, Springer and Stellar updated their

reporting of the debts to Equifax on or before August 26, 2013.  *See Credit File attached as* **EXHIBIT E**.

20. Springer and Stellar's updates to Equifax regarding the debts failed to communicate that Consumer had disputed them.  *See* **EXHIBIT E**.

### COUNT I: VIOLATION OF 15 U.S.C. § 1692e(8)
**(against Monco)**

21. Consumer incorporates all other allegations as if set forth herein in full.

22. 15 U.S.C. § 1692e(8) requires Monco to note that a disputed debt is disputed every time it communicates regarding that debt after receiving the dispute.

23. Monco violated 15 U.S.C. § 1692e(8) by communicating credit information regarding the debt to Trans Union without indicating that Consumer had disputed it, thereby conveying false credit information.

24. Monco's reporting violation makes it more difficult for Consumer to seek and receive financing befitting his actual creditworthiness.

25. Consumer has been forced to hire legal counsel to rectify Monco's violation.

26. Consumer is entitled to actual damages in the amount to be determined at trial, statutory damages of $1,000.00, the costs of this action, and reasonable attorney's fees from Monco in an amount to be determined by the Court.  15 U.S.C. § 1692k.

27. Consumer reserves his right to move for punitive damages.

### COUNT II: VIOLATION OF 15 U.S.C. § 1692e(8)
**(against Springer)**

28. Consumer incorporates all other allegations as if set forth herein in full.

29. 15 U.S.C. § 1692e(8) requires Springer to note that a disputed debt is disputed every time it communicates regarding that debt after receiving the

dispute.

30. Springer violated 15 U.S.C. § 1692e(8) by communicating credit information regarding the debt to Equifax without indicating that Consumer had disputed it, thereby conveying false credit information.

31. Consumer is entitled to actual damages in the amount to be determined at trial, statutory damages of $1,000.00, the costs of this action, and reasonable attorney's fees from Springer in an amount to be determined by the Court. 15 U.S.C. § 1692k.

32. Consumer reserves his right to move for punitive damages.

## COUNT III: VIOLATION OF 15 U.S.C. § 1692e(8)
### (against Stellar)

33. Consumer incorporates all other allegations as if set forth herein in full.

34. 15 U.S.C. § 1692e(8) requires Stellar to note that a disputed debt is disputed every time it communicates regarding that debt after receiving the dispute.

35. Stellar violated 15 U.S.C. § 1692e(8) by communicating credit information regarding the debt to Equifax without indicating that Consumer had disputed it, thereby conveying false credit information.

36. Consumer is entitled to actual damages in the amount to be determined at trial, statutory damages of $1,000.00, the costs of this action, and reasonable attorney's fees from Stellar in an amount to be determined by the Court. 15 U.S.C. § 1692k.

37. Consumer reserves his right to move for punitive damages.

## JURY TRIAL

38. Consumer demands a jury per U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

**PRAYER FOR RELIEF**

WHEREFORE, Consumer requests an Order for the following relief:

1. Judgment in favor of Consumer and against Monco for actual damages in an amount to be determined at trial, $1,000.00 in statutory damages, the costs of this action, and reasonable attorney's fees.

2. Judgment in favor of Consumer and against Springer for actual damages in an amount to be determined at trial, $1,000.00 in statutory damages, the costs of this action, and reasonable attorney's fees.

3. Judgment in favor of Consumer and against Stellar for actual damages in an amount to be determined at trial, $1,000.00 in statutory damages, the costs of this action, and reasonable attorney's fees.

4. All other relief which the Court deems just and equitable.

Dated: 8/30/13

    */s/ Bennett Hartz*
Jonathan L. R. Drewes (#387327)
Bennett Hartz (#393136)
Caitlin Guilford (#390867)
DREWES LAW, PLLC
1516 West Lake Street, Ste 300
Minneapolis, MN 55408
T (612) 285-3064
F (612) 285-3062
bennett@dreweslaw.com
***Attorneys for Consumer***