UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

MICHAEL SCHWANTES,

       Plaintiff,

v.                            **MEMORANDUM OPINION**
                                **AND ORDER**
                            Civil File No. 13-cv-02382 MJD/TNL

MONCO LAW OFFICES, SC, SPRINGER
COLLECTIONS, INC., AND
STELLAR RECOVERY, INC.,

       Defendants.
_____

Jonathan L.R. Drewes and Bennet Hartz, Drewes Law PPLC, Counsel for Plaintiff.

Michael A. Klutho, Susan E. Gustad, and Aram V. Desteian, Counsel for Defendant Springer Collections, Inc.

_____

**I.    INTRODUCTION**

      This matter is before the Court on Defendant Springer Collections, Inc.'s ("Springer") Motion for Judgment on the Pleadings.

1

**II.     BACKGROUND**

As alleged in the Complaint, on August 5, 2013, Plaintiff submitted a dispute to Equifax, a Credit Reporting Agency ("CRA") concerning a reported account by Springer, a collection agency.  (Compl. ¶ 17.)  Equifax conveyed Plaintiff's dispute to Springer soon after, but Springer failed to include in its response to Equifax that the account was disputed.  (Id. at ¶¶ 19, 30 and Ex. B.)  Springer admitted that it received Plaintiff's dispute through Equifax and that it failed to include Plaintiff's dispute in its response to Equifax.   (See Separate Answer of Springer Collections, Inc. at ¶ 18.)

**III.     DISCUSSION**

**A. Legal Standard for Judgment on the Pleadings**

Judgment on the pleadings is granted "where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law."  Poehl v. Countrywide Home Loans, Inc., 528 F.2d 1093, 1096 (8th Cir. 2008) (citation omitted).  The Court must view the facts pleaded by the nonmoving party as true and grant all reasonable inferences in favor of that party.  Id.  "When considering a motion for judgment on the pleadings . . . the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings."

Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted).  In this case, exhibits attached to the Complaint, Answer, and briefs relating to the Motion of Judgment on the Pleadings are necessarily embraced by the pleadings.  See id.

### B. Fair Debt Collection Practices Act

The Fair Debt Collection Practices Act ("FDCPA") prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."  15 U.S.C. § 1692e(8).  The failure to communicate that a debt is disputed must be both "false, deceptive, or misleading" and made "in connection with the collection of any debt" for it to be actionable.  Id. §1692e; see also Surinta v. Credit Control Servs., Inc., Civil No. 13-817, 2014 WL 538675 at * 2 (D. Minn. Feb. 11, 2013).

Plaintiff claims that Springer violated 15 U.S.C. § 1692e(8) when it failed to update Plaintiff's credit report as "disputed" pursuant to the FDCPA, even though it properly noted the dispute to Trans Union, LLC ("Trans Union").  Springer argues that Plaintiff's claim fails as a matter of law for several reasons.

Springer argues that its response to Equifax was not a "communication in connection with the collection of any debt" as required under § 1692e(8) of the FDCPA.  This Court in Surinta noted that the FCRA governs communications

between the collection agency and the CRA. Surinta, 2014 WL 538675 at *2. The FCRA requires the CRA to notify the collectors of a consumer's dispute, followed by the debt collector responding to the CRA's dispute notification once the dispute has been received. Id.; 15 U.S.C. § 1681i(a)(2). The possible methods of response include verifying, modifying, omitting, and blocking reporting of the already disputed information. 15 U.S.C. § 1681s-2(b). Since the communication was required by the FCRA, the debt collector was not acting on its own initiative to collect the debt. Instead, it was responding to the CRA in order to comply with the FCRA. See McIvor v. Credit Control Servs., Inc., 987 F. Supp.2d 968, 971 (D. Minn. 2013) (citing Edeh v. Midland Credit Management, Inc., 748 F. Supp.2d 1030, 1036 (D. Minn. 2010), aff'd, 413 Fed. App'x. 925 (8th Cir. 2011)). As in Surinta and McIvor, Springer asserts that its response to Equifax was not a communication in connection with the collection of a debt under the FDCPA. Rather, its August 5, 2013 communication to Equifax was made in compliance with the FCRA.

Plaintiff argues that Springer's response to Equifax was a communication in connection with the collection of any debt because "threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver." Edeh, 748 F. Supp. 2d at 1035 (citing Letter from John F. LeFevre, Attorney, Federal Trade Commission, Office of the Secretary, to Robert

4

G. Cass, Compliance Counsel, Commercial Financial Services (December 23, 1997), 1997 WL 33791232, at *1). Plaintiff thus requests this Court to find that reporting the status of a disputed debt to a credit reporting agency is in connection with the collection of a debt.

Plaintiff discredits Springer's reliance on McIvor and Surinta because those decisions were based on the decision in Edeh, which did not address a §1692e claim. Plaintiff argues that this distinction is significant because a claim under §1692e asks more broadly whether there is a "connection with the collection of any debt" whereas a claim under §1692g(b) asks whether a FCRA update is a "collection of the debt."

The Court has reviewed the decisions in Surinta and McIvor and finds those decisions are directly applicable here. Accordingly, the Court finds that Springer is entitled to judgment on the pleadings as similar claims as that asserted against Springer in this case have been rejected on two prior occasions. See Surinta, 2014 WL 538675, at*3; McIvor, 987 F. Supp.2d at 971. Plaintiff has presented no persuasive authority demonstrating that these prior decisions should not be followed here.

As was found in Surinta, regardless of whether Springer's communication of a debt to the credit bureau Equifax was in connection with the collection of any debt, there was no violation of the FDCPA because Plaintiff cannot establish

5

that Springer's "failure to communicate that a disputed debt is disputed" was "false, deceptive, or misleading." 15 U.S.C. § 1692e(8). Plaintiff cannot establish this element because Plaintiff's disputed account was inherent in Springer's response to Equifax's dispute notification. See Surinta at *3 (citing Neely v. Express Recovery Services, No. 2:10CV604, 2012 WL 1641198, at *2 (D. Utah May 9, 2012)) ("Defendant acted reasonably in assuming that Plaintiff's dispute of the debts was inherent in Defendant's response the . . . dispute, and therefore that the credit bureaus were aware of the dispute.") Since Equifax already knew of the dispute, Springer could not have "misled" Equifax, and therefore Springer's response to Equifax could not have been "deceptive or misleading."

### C.  Stay Motion Proceedings

Plaintiff asks the Court to stay these proceedings until the Eighth Circuit issues its ruling in McIvor. Plaintiff reasons that waiting until the Court has more clear guidance from this circuit will provide a clear mandate on this issue for the Court. Further, Plaintiff argues that staying the motion proceedings would not prejudice or burden either party and will be cost-effective for attorney's fees.

To be entitled to a stay, Plaintiff must demonstrate a likelihood of success on the merits based on the outcome of decision in McIvor. See Robinson v. Bank of America, N.A., Civ. No. 11-2284 (MJD/LIB), 2012 WL 2885587, at *1 (D. Minn.

July 13, 2012). Based on this standard, the Court finds that a stay is not warranted as Plaintiff cannot demonstrate a likelihood of success on the merits.

### D. Springer's Motion for Sanctions

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Springer served a safe harbor letter on March 18, 2014, along with a motion for sanctions, in light of the fact that this Court had previously rejected virtually identical claims in Surinta and McIvor. Plaintiff declined to dismiss his claim, and has served Springer with voluminous written discovery. Springer asserts that Plaintiff's discovery is not timely, as it was not served so that it could be completed by the discovery deadline of May 1, 2014.

Plaintiff responds that it has asserted a good faith argument in support of his claim under the FDCPA in this matter. Plaintiff acknowledges the decisions in Surinta and McIvor, but notes that the decision in McIvor is currently on appeal to the Eighth Circuit, and that such appeal is based on the argument that the district court erred when basing its decision on Edeh.

Given the fact that the legal issues in McIvor are currently on appeal, and that those legal issues govern this case, the Court finds that sanctions are not warranted at this time.

**IT IS HEREBY ORDERED:**

1. Defendant Springer Collections, Inc.'s Motion for Judgment on the Pleadings [Doc. No. 35] is GRANTED; and

2. Defendant Springer Collections, Inc's Motion for Sanctions [Doc. No. 43] is DENIED.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Date:  August 21, 2014

                                                 s/ Michael J. Davis
                                                 Michael J. Davis
                                                 Chief Judge
                                                 United States District Court